HALLS, Respondent, vs. McKEARN and others, Appellants.

*January 10—April 5, 1927.*

*Boundaries: Appeal: Weight accorded findings of trial court: Judgment.*

1. The location of a boundary line is purely a question of fact; and where this court cannot say that any finding made by the trial court is contrary to the clear preponderance or great weight of the evidence, its finding must be affirmed. p. 457.
2. In an action involving a disputed boundary line, a judgment locating the disputed line "as shown by plaintiff's Exhibit A–1," which contains two practically parallel lines, without designating the line established by the judgment, should be amended to locate the disputed boundary with such certainty as to leave no opportunity for future controversy. p. 457.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed, with directions.*

Action in equity by *O. A. Halls* against *Russell J. McKearn, Frances McKearn,* and the *Merrick Dairy Company.* From a judgment determining the boundary of the land of plaintiff *Halls* and restraining defendants from further trespassing thereon the defendants appeal.

For the appellants there was a brief by *Fiedler, Garrigan & Amlie* of Beloit, and oral argument by *E. C. Fiedler.*

For the respondent there was a brief by *Woolsey, Arnold, Johnston & Breihan* of Beloit, and oral argument by *T. D. Woolsey.*

The following opinion was filed February 8, 1927:

STEVENS, J.   The controlling question in the case is the location of the southerly line of lots 13 and 14 of Hubbard's addition to the city of Beloit owned by the plaintiff.   This is purely a question of fact.   A careful review of the entire record has satisfied the court that the findings of the trial court are sustained by the evidence.   The court cannot say that any finding made by the trial court is contrary to the clear preponderance or great weight of the evidence.   It follows that the findings must be approved by this court.

The judgment locates the disputed line "as shown by plaintiff's Exhibit A–1," without designating the line that is established by the judgment.   This exhibit contains two practically parallel lines, in both of which the surveyor who made the plat had placed at least one gas-pipe monument set in concrete.   The plat of Hubbard's addition described the disputed line as the north bank of the mill race, so that it will be seen that the northerly of the two parallel lines on Exhibit A–1 represents in a general way the location of the disputed boundary under the contention of the defendants.   On the other hand, the proof establishes the fact that the surveyor who made the plat of Hubbard's addition placed the original stakes that marked the disputed boundary on the southern bank of the raceway and that plaintiff and his predecessors in title have occupied the land in the bed of the raceway and exercised dominion over it since the year 1898, except when the same was covered by water for two or three years.   Thus it will be seen that the southerly of the two lines on Exhibit A–1 represents substantially the location of the disputed line under the position taken by the plaintiff.

This action should be closed by a judgment which locates the disputed boundary line with such definiteness and certainty as to leave no opportunity for future controversy.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to take such further proceedings as will lead to the entry of a judgment that will definitely locate the southern boundary of lots 13 and 14 of Hubbard's addition to the city of Beloit and definitely determine the rights of the parties to this action. Neither party to recover costs. The appellant to pay the fees of the clerk of this court.

A motion for a rehearing was denied, with $25 costs, on April 5, 1927.